UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

GOTHAM DATING PARTNERS INC., LEBRON
JORDAN INC., AARON FRASER, C.E.O,

                    Plaintiffs,

    -against-

LEBRON JAMES, MICHAEL JORDAN,
NIKE INC., JUMP D.C. INC.,
LIVE NATION, CONVERSE INC.,

                    Defendants.
-------------------------------------------------------------------x

**MEMORANDUM AND ORDER**

11-CV-1069 (KAM) (SMG)

**MATSUMOTO, United States District Judge:**

      Plaintiffs Gotham Dating Partners Inc., Lebron Jordan Inc. and Aaron Fraser ("plaintiffs") filed this *pro se* suit against Lebron James, Michael Jordan, Nike Inc., Jump D.C. Inc., Live Nation and Converse Inc. ("defendants") on March 7, 2011. For the reasons set forth below, (1) plaintiffs' request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is granted; (2) plaintiffs are granted thirty days to file an amended complaint; and (3) plaintiffs Gotham Dating Partners Inc. and Lebron Jordan Inc. must retain counsel within thirty days in order to pursue their claims.

## Standard of Review

      A district court shall dismiss an *in forma pauperis* action where the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is deemed frivolous as a matter of law when, *inter*

*alia*, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations omitted).

As plaintiffs are proceeding *pro se*, their complaint is held to less stringent standards than pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and the court is obliged to construe their pleadings liberally and to interpret them as raising the strongest arguments they suggest, *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## BACKGROUND

Plaintiffs' complaint alleges that:

> On January 7th we received letter from Nike Inc./Converse Inc stating that we had infringed upon their trademark rights by doing Business as Lebron Jordan Inc.. The reason, they claimed the combination Lebron Jordan was an Infringement because they own the rights to the last name Jordan and the first name Lebron; in any combination. This assumes that only one person can trademark a product with a name once it has been used, in any form . . . . We were not only the first to secure the name Lebron Jordan, but prior to us, you could not even find that name combination on Google and any other search engine.

(ECF No. 1, Complaint ("Compl.") at ¶ 5.) Plaintiffs further allege that on January 13th, they received a similar letter from "Jump D.C., and Live nation, representing Michael Jordan." (Compl. at ¶ 6.) Plaintiffs state that the "negative press surrounding the threatened action has caused us to lose a multimillion dollar deal . . . ." (Compl. at ¶ 7.) Plaintiffs seek monetary damages in the amount of $150 million from each defendant. (Compl. at ¶ 3.)

## Discussion

### I. Corporate Plaintiffs

A corporation may appear in federal court only through licensed counsel. *See, e.g., United States ex rel. Mergent Services v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 192 (2d Cir. 2006); *Bell v. South Bay European Corp.*, 486 F. Supp. 2d 257, 260 (S.D.N.Y. 2007) ("[A] lay person may not represent an entity."). Here, plaintiff-corporations Gotham Dating Partners Inc. and Lebron Jordan Inc. purport to appear *pro se*. Because they are not permitted to do so, the court directs that plaintiff-corporations Gotham Dating Partners Inc. and Lebron Jordan Inc. retain counsel within thirty days. If they fail to do so, the court will dismiss their claims from this action. 28 U.S.C. § 1915 (e)(2)(B).

### II. Leave to Amend

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of his claim against each defendant so that defendants have adequate notice of the claims against them. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). Plaintiffs must provide facts sufficient to allow each defendant to have a fair understanding of what the plaintiffs are complaining about and to know whether there is a legal basis for recovery. *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000).

The instant complaint does not assert a cause of action. Rather, it appears to assert a defense to a potential trademark infringement claim by defendants. In light of the court's obligation to liberally construe *pro se* complaints, the court grants plaintiff Aaron Fraser thirty days to submit an amended complaint on his own behalf, and, through licensed counsel, on behalf of Gotham Dating Partners Inc. and Lebron Jordan Inc. *See, e.g., Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000). Plaintiffs shall set forth a plain statement of their claims against each defendant, the factual basis for their claims, and the basis under which the court has jurisdiction over this action. In addition, plaintiffs' amended complaint shall state whether they have obtained a trademark for the name Lebron Jordan and attach any supporting documentation.

The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order. No summons shall issue at this time and all further proceedings shall be stayed for 30 days. If plaintiffs fail to amend their complaint within thirty days as directed by this order, the court shall dismiss this complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is requested to serve a copy of this Memorandum and Order on plaintiffs and note the service in the docket.

**SO ORDERED.**

/S/

_____
KIYO A. MATSUMOTO
United States District Judge

Dated: Brooklyn, New York
March 15, 2011

4