UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DOCKET & FILE

-----------------------------------------------------------------x

AARON FRASER,

                Plaintiff,

-against-

LEBRON JAMES, MICHAEL JORDAN,
NIKE INC., JUMP D.C. INC.,
LIVE NATION, CONVERSE INC.,

                Defendants.

-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
11-CV-1069 (KAM) (SMG)

MATSUMOTO, United States District Judge:

        Plaintiffs Gotham Dating Partners Inc., Lebron Jordan Inc. and Aaron Fraser ("plaintiffs") filed this *pro se* suit against Lebron James, Michael Jordan, Nike Inc., Jump D.C. Inc., Live Nation and Converse Inc. ("defendants") on March 7, 2011. By order dated March 15, 2011 (the "March 15 Order"), the court granted plaintiff Aaron Fraser thirty days leave to submit an amended complaint on his own behalf, and, through licensed counsel, on behalf of plaintiffs Gotham Dating Partners Inc and Lebron Jordan Inc. In accordance with that order, plaintiff Fraser filed an amended complaint on March 22, 2011.[1] For the reasons set forth below, plaintiff's complaint is dismissed.

## Background

        In its March 15 Order, the court directed plaintiffs to set forth a plain statement of their claims against each defendant, the factual bases for their claims, and the basis under which

---

[1] Although the court's March 15 Order gave plaintiff Fraser leave to submit an amended complaint on his own behalf, and, through counsel, on behalf of the corporate plaintiffs, plaintiff Fraser submits an amended complaint on behalf of himself and deletes Gotham Dating Partners Inc. and Lebron Jordan Inc. from the caption and body of the amended complaint. Accordingly, the court finds that Gotham Dating Partners Inc. and Lebron Jordan Inc. have voluntarily withdrawn from this suit.

the court has jurisdiction over this matter. (*See* ECF No. 3, Order dated Mar. 15, 2011.)

Plaintiff's amended complaint, dated March 22, 2011, states that court has "jurisdiction because Defendants have violated the intellectual Property Rights of Plaintiffs by claiming ownership of their Legally Protected brand." (ECF No. 4, Amended Complaint ("Amend. Compl.") at ¶ 4.) Moreover, plaintiff states that "[t]he reason for this action was to protect a brand for which we had initiated a trademark for." (Amend. Compl. at ¶ 9.) Although plaintiff's allegations are not entirely clear, it appears that on or about December 10, 2010, plaintiff created a logo and allegedly initiated the filing for a trademark of the name "Lebron Jordan" through a online company. (*See* Exhibit annexed to Amend. Compl.) Thereafter, plaintiff was contacted by attorneys for Nike, Converse, Michael Jordan and Lebron James and notified that he was violating their trademark rights. (Amend. Compl. at ¶¶ 10-11.) Plaintiff alleges that:

> When we asserted our rights and refused to cease and desist, they made it clear they intended to file a complaint. We waited for a complaint that never came. Because of this, instead of assuming that we would be free of any future claims against our pending trademarked brand, we decided to file first so that we could continue to operate.
> (*Id.* at ¶ 12.)

## Discussion

The court is mindful that because plaintiff is proceeding *pro se*, the court "must construe . . . [the] complaint[ ] liberally, applying a more flexible standard to evaluate [its] sufficiency than [it] would when reviewing a complaint submitted by counsel." *Lerman v. Bd. of Elections*, 232 F.3d 135, 139-40 (2d Cir. 2000). However, "*pro se* status 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95

(2d Cir. 1983)). A *pro se* plaintiff's complaint may be dismissed if it lacks subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3), or if it fails to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff is entitled to have this court decide the merits of his case only if he has standing pursuant to Article III of the United States Constitution. *Friends of Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000). Article III standing enforces the Constitution's case or controversy requirement, *id.*, and requires proof of three elements:

> First, the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of - the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotations and citations omitted); *see also Ziemba v. Rell*, 409 F.3d 553, 554-55 (2d Cir. 2005). Moreover, the "case and controversy" requirement means that, "at all times, the dispute before the court must be real and live, not feigned, academic, or conjectural." *Russman v. Bd. of Educ.*, 260 F.3d 114, 118 (2d Cir. 2001).

Here, plaintiff lacks standing to bring this case. There is no case or controversy present because plaintiff has not alleged "an invasion of a legally protected interest." *See Lujan*, 504 U.S. at 560-61. Indeed, plaintiff states that he does not have a trademark for the name "Lebron Jordan." Rather, it appears that he brings this action as a defense against any potential trademark infringement claim by defendants. Plaintiff's injury is thus purely hypothetical. *See*

3

*DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 344 (2006) (no standing where alleged injury was "conjectural or hypothetical"); *Fung Wah Bus Transp., Inc. v. Ricon Corp.,* No. 08 CV 6481, 2009 WL 230157, at *2 (S.D.N.Y. Jan. 23, 2009) (plaintiff failed to establish an injury-in-fact that was "distinct and palpable" and not "abstract or conjectural or hypothetical"); *Jaghory v. New York State Dep't of Educ.,* 131 F.3d 326, 330 (2d Cir. 1997) ("The keystone for determining injury in fact is the requirement that it be 'distinct and palpable' and, conversely, that it not be 'abstract' or 'conjectural' or 'hypothetical.'") (citations omitted).

## Conclusion

Accordingly, plaintiffs' amended complaint is dismissed for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3), or in the alternative, because it fails to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully requested to serve a copy of this Memorandum and Order on plaintiff, note service on the docket, enter judgment in favor of defendants and close this case.

SO ORDERED.

s/KAM

KIYO A. MATSUMOTO
United States District Judge

Dated: Brooklyn, New York
April 5, 2011